UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| QUITMAN CARTER, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | No. 1:15CV61 CDP |
| UNITED STATES OF AMERICA, | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion is successive and will be summarily denied and dismissed.

On November 28, 2005, movant pled guilty to being a felon in possession of a firearm. *United States v. Carter*, 1:05CR105 CDP (E.D. Mo.). On November 13, 2006, the Court sentenced movant to 180 months' imprisonment and three years' of supervised release. Movant did not file an appeal.

On March 26, 2007, movant filed his first motion to vacate pursuant to § 2255. *Carter v. United States*, 1:07CV49 CDP (E.D. Mo.). The Court dismissed the motion as untimely on December 12, 2007. *Id.* The Eighth Circuit Court of Appeals dismissed movant's appeal as untimely on March 7, 2013. *See Carter v. United States*, No. 13-1497 (8th Cir. March 7, 2013).

Movant filed a document entitled, "Petition for Writ of Mandamus," on June 9, 2008. *See Carter v. United States*, 1:08CV92 CDP (E.D. Mo.). Notwithstanding the title, the Court interpreted movant's pleading as a motion to vacate brought pursuant to 28 U.S.C. § 2255 and

denied the petition as a second or successive motion under the statute.[1]  *Id.*  After dismissal of his motion, movant filed a "petition for authorization to file a successive § 2255 motion in the district court" with the Eighth Circuit Court of Appeals.  *See Carter v. United States*, No. 09-1035 (8th Cir. 2009).  The Eighth Circuit denied the request on March 18, 2009.  *Id.*

Movant filed the instant motion to vacate his sentence on April 14, 2015.  He alleges that the holdings in a handful of United States Supreme Court cases from the last several years provide him with precedent to overturn his conviction and sentence.  Specifically, movant cites to the cases of *Begay v. United States*, 553 U.S. 137 (2008), *Chambers v. United States*, 555 U.S. 122 (2009), *Descamps v. United States*, 133 S.Ct. 2276 (2013), and *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013).  Unfortunately, the Court cannot engage in substantive review of movant's claims under these cases, as movant has brought a prior motion to vacate before this Court, making the instant motion to vacate a second or successive motion.

The dismissal of a federal habeas petition on the ground of untimeliness is a determination "on the merits" for purposes of the successive petition rule.  *See e.g., In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); *Quezada v. Smith*, 624 F.3d 514, 519–20 (2d Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." (additional internal quotation marks omitted)).  As a result, the instant motion is successive.

---

[1] Movant asserts that this Court was incorrect in interpreting his 2008 "petition for writ of mandamus" as a "second or successive motion brought pursuant to § 2255."  It matters not how his June 2008 petition was interpreted, as there is no doubt that his March 2007 motion to vacate was properly dismissed as untimely on December 12, 2007.  The appeal of that dismissal was also dismissed as untimely by the Eighth Circuit Court of Appeals.  Accordingly, the instant motion to vacate is an improper second or successive motion to vacate unless it has first been certified by the Eighth Circuit Court of Appeals.  *See* 28 U.S.C. § 2244(a) and § 2255(h).

Under 28 U.S.C. § 2244(a) and § 2255(h) district courts may not entertain a second or successive motion to vacate unless it has first been certified by the Court of Appeals. There is no indication that the instant petition has been certified by the Court of Appeals for the Eighth Circuit. As a result the Court may not grant the requested relief.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED AND DISMISSED AS SUCCESSIVE**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

An Order of Dismissal shall accompany this Memorandum and Order

Dated this 22nd day of April, 2015.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE